```
                     UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT


KENYA BROWN,                          :
        Plaintiff,                    :
                                      :
     v.                               :   CASE NO. 3:13 CV 931(JBA)
                                      :
UCONN MANAGED HEALTH CARE, et al.,    :
        Defendants.                   :
```

RULING ON PENDING MOTIONS (Dkts. ##30, 31, 34, 35)

On September 24, 2014, U.S. District Judge Janet Bond Arterton referred the pending motions to this Magistrate Judge. (Dkt. #37). Plaintiff has filed motions for a deposition, to amend his complaint, and to compel, and defendants seek leave to file documents electronically. The Court considers these motions below.

I.   Motion for Deposition (Dkt. #30)

In this motion, plaintiff seeks leave to conduct depositions on written questions of Dr. Melissa Bonasera, Dr. Craig Burns, Dr. Gerard Gagne, Dr. Ted Lawlor and APRN Lea Panella.

A deposition on written questions requires the deponent to appear before an officer who will ask the deponent the questions and record his answers. The answers are prepared, certified and sent to the party who requested the deposition. See FED. R. CIV. P. 31(b); Patterson v. Bannish, No. 10 CV 1481(AWT), 2011 WL 2518749, at *3 (D. Conn. June 23, 2011). Plaintiff here fails to identify the officer before whom the depositions will be taken or to

indicate how he intends to pay for the depositions. Accordingly, despite the fact that defendants failed to file a brief in opposition, plaintiff's Motion for Depositions on Written Questions (Dkt. #30) is <u>denied without prejudice to renew at a later time</u>.

II. <u>Motion to File Documents Electronically (Dkt. #31)</u>

In this motion, defendants seek leave to file documents electronically with the court. They note that copies of any documents so filed will be mailed to plaintiff. Plaintiff has not opposed this motion. Accordingly, defendants' Motion for Leave to File Documents Electronically (Dkt. #31) is <u>granted</u>.

III. <u>Motion to Amend (Dkt. #34)</u>

Plaintiff has filed a third motion seeking to amend his complaint. In the proposed amended complaint, he adds as defendants Dr. Melissa Bonasera, Dr. Craig Burns, Dr. Gerard Gagne, Dr. John Doe, Dr. Ted Lawlor and APRN Lea Panella. He alleges that these new defendants also were deliberately indifferent to his serious medical needs.

The limitations period for filing a section 1983 action is three years. <u>See</u> <u>Lounsbury v. Jeffries</u>, 25 F.3d 131, 134 (2d Cir. 1994). Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. <u>See</u> <u>United States v. Kubrick</u>, 444 U.S. 111, 122-24 (1979).

Plaintiff alleges that Dr. Bonasera treated him from 2007

through 2009.  (Dkt. #34-1, at 8, ¶ 4).  In June 2009, plaintiff allegedly was treated by Dr. Burns.  (Dkt. #34-1, at 9-10, ¶¶ 10, 14).  From June 2009 until September 2010, plaintiff allegedly was treated by Dr. Gagne.  (Dkt. #34-1, at 10-11, ¶ 15).  From September 2010 until May 2011, plaintiff allegedly was under the care of APRN Panella.  (Dkt. #34-1, at 12, ¶ 19).

Plaintiff allegedly first met with Dr. Lawlor in May 2011; Dr. Lawlor discontinued plaintiff's prescription for Risperdal in July 2011.  (Dkt. #34-1, at 13-14, ¶¶ 23, 25).  Plaintiff alleges that during the ensuing months, Dr. Lawlor and Dr. Pillai failed to provide proper medical treatment for the side effects of the drug; in August 2011, Dr. Lawlor asked Dr. Pillai to examine plaintiff regarding the side effects; there are no more recent allegations regarding Dr. Lawlor.  (Dkt. #34-1, at 15, ¶¶ 29-30).

Plaintiff's claims against the persons sought to be added as defendants concern the failure to warn him of the side effects of Risperdal during the period in which the drug was prescribed to him; the drug was discontinued in July 2011, more than three years before plaintiff filed this motion. Plaintiff alleges, however, that he only recently discovered that his symptoms were side effects of Risperdal (see Dkt. #34-1, at 20-21, ¶¶ 52-62), and defendants have not objected to the motion to amend. Thus, the Court grants plaintiff leave to amend his complaint as his new claims appear timely.  See FED. R. CIV. P. 15(a)(2).  Accordingly,

plaintiff's Motion to Amend (Dkt. #34) is <u>granted</u>.

IV. <u>Motion to Compel (Dkt. #35)</u>

In this motion, plaintiff moves to compel defendants to respond to his discovery requests. In his one-page motion, he states only that he sent defendants several letters.

Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and District of Connecticut Local Civil Rule 37. The local rule requires that before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. D. CONN. L. CIV. R. 37. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See <u>Hanton v. Price</u>, No. 3:04 CV 473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. D. CONN. L. CIV. R. 37(a). In addition, Local Rule 37(b)1 requires that the moving party file a memorandum stating the precise nature of the case, listing each item of discovery sought and explaining why the item should be allowed. D. CONN. L. CIV. R. 37(b)1. Further, copies of the discovery requests must be included as exhibits. <u>Id.</u>

Plaintiff has complied with none of these requirements. Thus, despite the fact that defendants failed to file a brief in opposition, plaintiff's Motion to Compel (Dkt. #35) is <u>denied</u>

4

<u>without prejudice to renew at a later time</u>.

V.   <u>Conclusion</u>

Plaintiff's Motion for Depositions on Written Questions (Dkt. #30) and Motion to Compel (Dkt. #35) are **DENIED** <u>**without prejudice to renew at a later time**</u>.  Defendants' Motion for Leave to File Documents Electronically (Dkt. #31) is **GRANTED absent objection**.

Plaintiff's Motion to Amend (Dkt. #34) is **GRANTED**.  The Clerk is directed to docket the proposed amended complaint.

The **Clerk further shall** verify the current work addresses for defendants Dr. Melissa Bonasera, Dr. Craig Burns, Dr. Gerard Gagne, Dr. Ted Lawlor and APRN Lea Panella, with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet containing the amended complaint to each defendant at the confirmed address within **twenty-one (21) days** of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

5

**So ordered** this 28th day of October 2014, at New Haven, Connecticut.

                                      /s/ Joan G. Margolis, USMJ
                                      Joan G. Margolis
                                      United States Magistrate Judge