```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


KENYA BROWN,                         :
     Plaintiff,                      :
                                     :
     v.                              :    Case No. 3:13-cv-931 (JBA)
                                     :
UCONN MANAGED HEALTH CARE, et al.,   :
     Defendants.                     :
```

RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. #68]

The plaintiff, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 against various medical care providers asserting several claim relating to his medical care. The plaintiff has filed a motion for partial summary judgment on one component of one count of his amended complaint.[1] For the reasons that follow, the plaintiff's motion is denied.

I.   Facts

The plaintiff has a long history of psychiatric disorders for which he has been prescribed with antipsychotic medications. He was prescribed Risperdal in 2007. Dr. Lawlor discontinued the prescription in May 2011. The plaintiff has not taken Risperdal since that time.

---

[1] The plaintiff has filed a second motion for partial summary judgment on four counts of the amended complaint and the defendants have filed a cross-motion for summary judgment. Those motions will be addressed in a separate ruling. The defendants' motion for summary judgment is considered, however, as their opposition to the plaintiff's motion.

The plaintiff contends that he experienced side effects from taking Risperdal in combination with Prozac. In this action, the plaintiff asserts only claims for a pituitary microadenoma and sexual dysfuction.[2]

An MRI performed in January 2013, showed a pituitary microadenoma. The microadenoma is a stable, benign, non-hormone producing cyst. The plaintiff underwent additional MRIs in March 2014, and October 2014. The tests showed that the microadenoma remains stable with no evidence of optic compression.

The plaintiff underwent examination by a neuro-ophthalmologist in November 2014. The doctor agreed that the microadenoma is stable and the plaintiff's vision is normal. He concurred with the monitoring being done by the Department of Correction.

The plaintiff was seen by an endocrinologist in June 2014 and October 2014. The doctor conducted a complete endocrine workup and concluded the tests were normal.

II. Standard of Review

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is therefore entitled to judgment as a matter of law. See Rule 56(a),

---

[2] The plaintiff states that he also experienced gynecomastia, an endocrine disorder resulting in enlarged breast tissue in males, www.mayoclinic.org/diseases-conditions/gynecomastia/basics/definition/CON-20028710 (last visited July 21, 2015), as a result of the combined effects of Risperdal and Prozac. However, the plaintiff has raised that claim in another lawsuit. See Doc. #81-1 at 1-2.

2

Fed. R. Civ. P.; In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009). The moving party may satisfy his burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). Merely verifying the allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment. Zigmund v. Foster, 106 F. Supp. 2d 352, 256 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought. Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009). If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004). However,

the existence of a mere "scintilla" of evidence supporting the plaintiff's position is insufficient to defeat a motion for summary judgment.  Harvey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008).

III. Discussion

In his amended complaint, the plaintiff clearly indicated that he asserts only federal claims for violation of the First and Eighth Amendments.  See Doc. #45 at 1, 2.

The plaintiff includes eight counts in his amended complaint captioned: (1) inadequate psychiatric care; (2) inadequate medical care; (3) denial of access to treatment; (4) delay of medical care; (5) interference with medical treatment/protected speech; (6) failure to inquire, essential medical/inadequate care and failure to warn; (7) inadequate medical and mental health care; and (8) retaliation/protected speech.  The plaintiff seeks summary judgment on the failure to warn component of count six.

The plaintiff argues that the defendants ignored interaction warnings of prescribing Risperdal and Prozac together and failed to warn him about the possible side effects of Risperdal as well as the possible combined effects of Risperdal and Prozac.  This claim covers the period from 2007 until May 2011, and involves defendants Bonaserra, Burns, Gagne, Lawlor and Panella.

To prevail on a claim for deliberate indifference to a serious

medical need, the plaintiff must demonstrate both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind.  See Smith v. Carpenter, 316 F.3d 178, 184, (2d Cir. 2003) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).  There are objective and subjective components to the deliberate indifference standard.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged deprivation must be "sufficiently serious."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The condition must produce death, degeneration or extreme pain.  See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).  Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inactions.  See Salahuddin v. Goord, 467 F.3d 262, 279-80 (2d Cir. 2006).  Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983.  See id.

The Eighth Amendment protects prisoners from deliberate indifference to substantial risk of serious damage to their health. See Helling v. McKinney, 509 U.S. 25, 35 (1993) (holding that exposure to levels of environmental tobacco smoke that "pose an unreasonable risk of serious damage to [plaintiff's] future health" states Eighth Amendment claim).  Regarding the objective prong of the deliberate indifference test, the plaintiff is required to demonstrate that "the

5

risk that the prisoner complains of [is] so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. . . . [T]he prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Id. at 36.

In considering the extent to which prison doctors are required to warn prisoners regarding possible side effects of medications or treatments, the Second Circuit has held that "a doctor should not be required to provide each prisoner-patient with an exhaustive list of all the possible adverse effects of each aspect of his treatment." Pabon v. Wright, 459 F.3d 241, 250 (2d. Cir. 2006).  Rather, the doctor need only provide "such information as a reasonable patient would find necessary to make an informed decision regarding treatment options."  Id.  Were this not so, any prisoner who received appropriate treatment but suffered side effects, could claim that he received insufficient information to make an informed choice to decline treatment.  Id.; see Phillips v. Wexford Health Sources, Inc., 522 F. App'x 364, 366-67 (7th Cir. 2013) (failure to warn of possible side effects of Bactrim not deliberate indifference where prisoner experienced three of thirty-two identified side effects; prisoner failed to allege that risks of suffering side effects were significant, and defendants knew the risks to be significant); Burgess v. Mar, 395 F. App'x 368 (9th Cir. 2010) ("failure to warn

[plaintiff] of the potential side effects of pain medication constitute[s] negligence at most, and not deliberate indifference").

To prevail on his motion for summary judgment, therefore, the plaintiff must present evidence showing that there was a substantial risk of experiencing the side effects, that the defendants perceived that risk and that a reasonable patient would require information regarding these side effects before deciding whether to undergo treatment.

The only information submitted by the plaintiff regarding the risk of experiencing the two side effects at issue in this case is the information sheet on Risperdal. Although the manufacturer reported an increase in pituitary adenoma, inter alia, in carcinogenicity studies in mice and rats, the clinical studies and epidemiological studies to date have not shown a comparable result in humans. "[T]he available evidence is considered too limited to be conclusive at this time." Pl.'s Mem. Ex. E, § 5.6. Pituitary adenoma is not mentioned in the list of adverse reactions reported by participants in the clinical trials and fewer than one percent of participating males reported ejaculation failure. Id. at § 6.1. Regarding the combination of Risperdal and Prozac, the information sheet notes that the combination has been shown to increase the plasma concentration of Risperdal and indicates that the prescribing physician should consider this in determining the correct dosage.

7

Id. at § 7.10. There are no specific side effects listed for the combination.

The plaintiff has not presented any evidence showing that the risk that he would experience these side effects was substantial or that a reasonable patient would require this information. Nor has he presented any evidence showing that the defendants perceived a substantial risk that he would experience these side effects. Accordingly, he has not shown that he is entitled to judgment as a matter of law. The plaintiff's motion for summary judgment is denied.

IV.  Conclusion

The plaintiff's motion for partial summary judgment [**Doc.# 68**] is **DENIED**.

**It is so ordered.**

                                                      /s/
                                    Janet Bond Arterton
                                    United States District Judge

**Dated at New Haven, Connecticut, this 24th day of July 2015.**