```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


KENYA BROWN,                          :
      Plaintiff,                      :
                                      :
   v.                                 :    Case No. 3:13-cv-931 (JBA)
                                      :
UCONN MANAGED HEALTH CARE, et al.,    :
      Defendants.                     :
```

RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT [Docs. ##81, 96]

The plaintiff, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 against various medical care providers asserting claims relating to his medical care. This ruling considers the plaintiff's second motion for partial summary judgment [Doc. #81], in which he seeks entry of judgment on four of the eight counts in his complaint, and the defendants' cross-motion for summary judgment [Doc. #96]. For the reasons that follow, the plaintiff's motion is denied and the defendants' motion is granted.[1]

I.   Facts[2]

---

1   The plaintiff was afforded a final extension of time, until February 16, 2016, to file his opposition to the defendants' motion. He was informed several times that this deadline would not be extended. The plaintiff's opposition was received by the Court on February 19, 2016. Although all Connecticut inmates are required to utilize the Prisoner Efiling Program and have their papers scanned at the correctional facility and emailed to the Court, the plaintiff had flouted the Court's Standing Order and sent his opposition by regular mail. Despite this failure to comply with Court rules, the Court considers the plaintiff's opposition in ruling on the motion for summary judgment.

2   The facts are taken from the parties' Local Rule 56(a) Statements and the exhibits filed in support of the motions for summary judgment.

The plaintiff has a long history of psychiatric disorders for which he has been prescribed antipsychotic medications. He was prescribed Risperdal in 2007. Dr. Lawlor discontinued the prescription in May 2011. The plaintiff has not taken Risperdal since that time. At times between 2007 and 2011, the plaintiff took Prozac along with the Risperdal.

The plaintiff contends that he experienced side effects from taking Risperdal in combination with Prozac, namely gynecomastia, an endocrine disorder resulting in enlarged breast tissue in males, sexual dysfunction and a pituitary microadenoma. *See* www.mayoclinic.org/diseases-conditions/gynecomastia/basics/definition/CON-20028710 (last visited July 21, 2015). In this action, the plaintiff asserts claims for pituitary microadenoma and sexual dysfunction only. He asserted claims for gynecomastia and sexual dysfunction in a lawsuit filed in state court, *Brown v. Provender, et al.*, No. TTD-CV-11-5005569-S, (Conn. Super. Ct. Apr. 17, 2012). That case was settled in 2012. *See* Pl.'s Mem. Ex. Y, Doc. #81-29, and Defs.' Mem., Ex. B-1, Doc. 96-6.

An MRI performed in January 2013, showed a pituitary microadenoma. The microadenoma is a stable, benign, non-hormone producing cyst. The plaintiff underwent additional MRI's in March 2014, and October 2014. The tests showed that the microadenoma

remains stable with no evidence of optic compression.

The plaintiff underwent examination by a neuro-ophthalmologist in November 2014. The doctor agreed that the microadenoma is stable and the plaintiff's vision is normal. He concurred with the monitoring being done by the Department of Correction.

The plaintiff was seen by an endocrinologist in June 2014, and October 2014. The doctor conducted a complete endocrine workup and concluded the tests were normal.

II. Standard of Review

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is therefore entitled to judgment as a matter of law. *See* Rule 56(a), Fed. R. Civ. P.; *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009). The moving party may satisfy his burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Merely verifying the allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment. *Zigmund v. Foster*, 106 F. Supp. 2d 352, 256 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 274 (2d Cir. 2009). If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). However, the existence of a mere "scintilla" of evidence supporting the plaintiff's position is insufficient to defeat a motion for summary judgment. *Harvey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008).

III. <u>Discussion</u>

In his amended complaint, the plaintiff clearly indicated that he asserts only federal claims for violation of the First and Eighth Amendments. *See* Doc. #45 at 1, 2. The plaintiff includes eight counts in his amended complaint captioned: (1) inadequate psychiatric care; (2) inadequate medical care; (3) denial of access to treatment; (4) delay of medical care; (5) interference with

4

medical treatment/protected speech; (6) failure to inquire, essential medical/inadequate care and failure to warn; (7) inadequate medical and mental health care; and (8) retaliation/protected speech. In his second motion for summary judgment, the plaintiff seeks summary judgment on counts two, four, five and eight. In their motion for summary judgment, the defendants contend that the plaintiff fails to demonstrate that they were deliberately indifferent to his medical needs and that they are protected by qualified immunity. They also contend that all claims are barred by the release of liability the plaintiff signed when he settled several state court cases and that his claims against all defendants except Drs. Naqvi and Pillai are time-barred.

In August 2011, the plaintiff filed a lawsuit in state court concerning side effects of Risperdal and Prozac. The plaintiff alleges that he suffered enlarged breasts and experienced fluid discharge from his nipples. *See Brown v. Provender, et al.*, No. TTD-CV-11-5005569-S, (Conn. Super. Ct. Apr. 17, 2012), Doc. #112-5 at 53-66.[3] When he spoke with a doctor, the plaintiff also described symptoms of sexual dysfunction. Doc. #81-29 at 8. The doctor indicated that he would order testing for both conditions and recommended examination by an endocrinologist. Doc. #81-29 at

---

[3] The plaintiff initially included only a portion of the complaint. He has provided a complete copy in his opposition to the defendants' cross-motion for summary judgment. Upon review of the entire complaint, the Court confirms that the case concerns side-effects of medication.

10-11.

In April 2012, the plaintiff settled four state court cases including *Brown v. Provender*.  In the Release of Liability dated April 17, 2012, the plaintiff discharged the named defendants and all employees of the Department of Correction, the University of Connecticut and Correctional Managed Health Care

> from all actions, causes of action, suits, claims, controversies, damages and demands of every nature and kind . . . which **Kenya Brown** ever had, now has or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever, including but not limited to any claim in any way related to the allegations made in the above-captioned matters.  Said RELEASE OF LIABILITY includes, but is not limited to, all causes of action alleging violation of federal and state constitutional rights, common law rights, statutory rights, negligence, and/or such other causes of action as may be available under law or equity.

Doc. #96-6 at 3.

The waiver of federal remedial rights, such as filing an action under 42 U.S.C. § 1983, is not "lightly inferred."  *Murray v. Town of North Hempstead*, 853 F. Supp. 2d 247, 259 (E.D.N.Y. 2012).  Courts "must indulge every reasonable presumption against waiver."  *Id.* (quoting *Legal Aid Soc. v. City of New York*, 114 F. Supp. 2d 204, 226-27 (S.D.N.Y. 2000) (internal quotation marks omitted).  In *Murray*, the court distinguished the facts before it from a case where "an agreement was signed by the Plaintiff . . . relinquishing, releasing and waiving all possible causes of action . . . ."  *Id.*

6

at 260.

In this case, the plaintiff signed a release of liability, in which he specifically releases any employees of the Department of Correction or Correctional Managed Health Care from claims he has or might have in the future that are related to the issues in the four settled cases. *Brown v. Provender* seeks recovery for improper treatment of side effects of Risperdal and Prozac. Gynecomastia and sexual dysfunction are specifically described in the complaint. Thus, any claims regarding gynecomastia and sexual dysfunction are barred by the release.

The plaintiff states that he was not aware of the pituitary microadenoma at the time he signed the release. The pituitary microadenoma, however, is alleged to be a side effect of Risperdal and Prozac. Thus, the claim for improper medical treatment in this case falls within the release provision for claims the plaintiff might have in the future related to the allegations in *Brown v. Provender*. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 504 (2d Cir. 2014)(noting that parties may agree to extinguish future claims as part of a settlement agreement).

The plaintiff contends in his memorandum in opposition that the release of liability should not apply to defendants Naqvi, Lawlor, Gagne and Panella because they were not defendants in the state case. *See* Pl's Mem., Doc. #122-4 at 45. The release specifically

7

references future related claims and applies to claims against any employees of the Department of Correction or Correctional Managed Health Care.  It is not restricted to any particular defendants.  The fact that several defendants in this case were not named in the prior state case is irrelevant.

The plaintiff's signature on the release indicates his understanding and acceptance of the terms.  Accordingly, the defendants' motion for summary judgment is granted on the ground that this action is barred by the signed release of liability.

IV.  Conclusion

The plaintiff's motion for partial summary judgment **Doc. #81**] is **DENIED**.  The defendants' motion for summary judgment [**Doc. #96**] is **GRANTED**.

The Clerk is directed to enter judgment in favor of the defendants and close this case.

**It is so ordered.**

/s/_____
Janet Bond Arterton
United States District Judge

**Dated this 26th day of February 2016 at New Haven, Connecticut.**